# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

RONALD SATISH EMRIT,

    Plaintiff,

    v.

                                       Civil Action No.:  ELH-22-3145

HAGERSTOWN HOUSING AUTHORITY,
U.S. DEPT. OF HOUSING & URBAN
    DEVELOPMENT,

    Defendants.

## MEMORANDUM

On December 5, 2022, the court received the above-entitled Complaint (ECF 1) from self-represented plaintiff Ronald Satish Emrit, along with a motion to proceed in forma pauperis (ECF 2), which the court now grants.[1]  For the reasons that follow, the Complaint must be dismissed for failure to state a claim.

Plaintiff, who is well known to this court,[2] seeks a preliminary injunction and monetary damages against the Hagerstown Housing Authority and the United States Department of Housing

---

[1] This Complaint is one of six filed by plaintiff in this court this week.  *See Emrit v. Special Agent in Charge*, RDB-22-3160 (D. Md. 2022); *Emrit v. Queen Anne's Housing Auth., et al.*, SAG-22-3161 (D. Md. 2022); *Emrit v. Sec. of Navy*, PJM-22-3146 (D. Md. 2022); *Emrit v. Calvert Co. Housing Auth., et al.*, PX-22-3159 (D. Md. 2022); and *Emrit v. Pr. George's Co. Housing Auth., et al.*, PX-22-3162 (D. Md. 2022).

[2] Plaintiff has filed numerous lawsuits in this Court.  *See Emrit v. Cheap-O-Air*, PWG-13-803 (D. Md. 2013); *Emrit v. Office Depot, Inc.*, RWT-13-2297 (D. Md. 2013); *Emrit v. Md. State Bar Assoc.*, JKB-15-2548 (D. Md. 2015); *Emrit v. Heck*, PWG-17-14 (D. Md. 2017); *Emrit v. Cegavske*, GJH-17-63 (D. Md. 2017); *Emrit v. Holland & Knight, LLP*, GJH-17-65 (D. Md. 2017); *Emrit v. Nevada Dept. of Motor Vehicles*, GJH-17-64 (D. Md. 2017); *Emrit v. Hardy*, PWG-17-75 (D. Md. 2017); *Emrit v. Holy Cross Hosp.*, GJH-17-2703 and GJH-17-2761 (D. Md. 2017); *Emrit v. Shady Grove Hosp.*, GJH-17-2714 and GJH-17-2764 (D. Md. 2017); *Emrit v. University of Md. Midtown Campus*, GJH-17-2715 and GJH-17-2762 (D. Md. 2017); *Emrit v. Laurel Reg. Hosp.*, GJH-17-2717 and GJH-17-2763 (D. Md. 2017); *Emrit v. Bd. of Immigration App.*, GJH-

and Urban Development ("HUD") because he has not been made a priority for a Section 8 housing voucher based on his disability.  ECF 1 at 4-5.  Plaintiff explains that he has been diagnosed with schizoaffective and bipolar disorder and "believes in good faith" that he notified defendants of his disabilities but "is not completely sure."  *Id.* at 3.  Currently, plaintiff lives in Florida but for unstated reasons seeks a Section 8 voucher for housing in Hagerstown, Maryland.  *Id.* at 2.  Although he claims defendants are violating the Fair Housing Act, the Housing and Community Development Act of 1992, the American Recovery and Reinvestment Act, the Americans with Disabilities Act, the Civil Rights Act, as well as the Fifth and Fourteenth Amendments (equal protection, due process, and privileges and immunities clauses), he provides no factual narrative to support those conclusory allegations, beyond his belief that he should be given priority due to his disability.  *Id.* at 4-6.

Plaintiff filed this Complaint in forma pauperis, pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

This court is mindful of its obligation to construe liberally the pleadings of a self-represented litigant.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In evaluating such a complaint, the factual allegations are assumed to be true.  *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).  Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim.  *See*

---

22-623 (D. Md. 2022); *Emrit v. Nat. Sec. Agency*, GLR-22-640 and PX-22-625 (D. Md. 2022); *Emrit v. Central Intell. Agency*, PX-22-625 (D. Md. 2022).

*Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented.").  In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . .   It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

Plaintiff has filed complaints similar to this one in other federal district courts across the country. *See Emrit v. Marion County Housing Authority*, 2017 WL 743882, at *4 (D. Or. Feb. 23, 2017) (citing *Emrit v. Arcadia Housing Auth.*, No. 5:16–cv–599–Oc–CEMPRL, at 5 (M.D. Fl. Oct. 17, 2016)); *Emrit v. S. Nev. Reg'l Housing Auth.*, No. 2:16–cv–2701–MMD–VCF, 2016 WL 7743037, at *2 (D. Nev. Dec. 5, 2016), *Report and Recommendation adopted by No.* 2:16–cv–02701–MMD–VCF, 2017 WL 126113 (D, Nev. Jan. 12, 2017); *Emrit v. Providence Housing Auth.*, No. 16–543S, 2016 WL 7638117, at *3 (D. R.I. Oct. 25, 2016), *Report and Recommendation adopted by* No. 16–543S, 2017 WL 52572 (D.R.I. Jan. 4, 2017).   Those complaints were dismissed for failure to state a claim.

In *Emrit v. Marion County Housing Authority*, 2017 WL 743882, the United States District Court for the District of Oregon provided the following analysis of plaintiff's claim that he is entitled to preferential treatment in connection with his effort to obtain Section 8 housing, *id.* at *3:

> Courts that have addressed the issue have concluded the mere fact that HUD funds a P[ublic] H[ousing] A[uthority] does not result in HUD liability for the PHA's housing decisions. *See, e.g., Capitol Blvd. Partners v. United States*, 31 Fed. CI. 758, 761 (1994)("HUD's grant of funds and even extensive supervision over [a PHA] is not sufficient to create an agency relationship" between a contract bidder and the government "even if the local [PHA] is nothing more than a conduit for federal funds.")(citing *Housing Corp. of Am.*, 468 F.2d 922, 924 (Ct. CI. 1972)). *See also Correlated Dev. Corp. v. United States*, 556 F.2d 515, 522 (Ct. CI.

1977)(same); *Marshall N. Dana Constr. v. United States*, 229 Ct. Cl. 862, 862–64 (Ct. Cl. 1982)(same).

As noted, HUD regulations specifically provide "[a]n applicant does not have any right or entitlement to be listed on the PHA waiting list, to any particular position on the waiting list, or to admission to the programs." 24 C.F.R. § 982.202(c). It is at the sole discretion of the PHA to determine whether to place an applicant on a waiting list and to determine the applicant's position on that list. *Id*. Thus, courts have concluded when a PHA either fails to place an individual on a waiting list or does not accord an individual a preferential place on the waiting list, it does not give rise to a cause of action. For example, in *Castro v. City Housing Authority* the plaintiff, who suffered from "multiple serious emotional and physical disabilities," brought an action against a PHA when it "failed to put [the plaintiff] at the head of the applicant list" for a Section 8 housing voucher. No. 10–403 (DRD), 2010 WL 1849997, at *1 (D.N.J. May 7, 2010). The plaintiff moved for an injunction compelling the defendant "to provide him immediately, an exemption ... from the defendant's ... waiting list" and to give him a housing voucher. Id. The court denied the plaintiff's motion noting HUD regulations do not provide applicants with the right to a particular position on the waiting list, and the plaintiff did not identify any provision in the PHA's voucher plan that required the PHA to move individuals with disabilities to the head of the waiting list. Id., at *5. *See also Kabando v. Prince William Cty Office of Housing and Human Dev.*, 1:15cv1040(JCC/JFA), 2015 WL 7283116, at *4 (E.D. Va. Nov. 17, 2015) (granting the defendant's motion to dismiss the plaintiff's claim for "deprivation of an entitlement or property under 42 U.S.C. § 1983" on the ground that the plaintiff failed to establish that he had a constitutionally protected property interest in a Section 8 housing voucher and noting "courts have routinely held that because of these funding limitations and the discretion required in administering housing voucher programs, housing vouchers provided by the [HUD] Program[s] are not entitlement benefits."). *See also Montgomery v. Housing Auth. of Baltimore City*, 731 F. Supp. 2d. 439, 441 (D. Md. 2010) (same); *Phelps v. Housing Auth. of Woodruff*, 742 F.2d 816 (4th Cir. 1984) (preference provisions of the Housing Act do not give rise to constitutionally protected rights enforceable under § 1983).

For the same reasons, the claims asserted in this case are also without merit.

Plaintiff's prolific litigation across numerous jurisdictions garnered the following observations from the United States District Court for the District of Rhode Island in *Emrit v. Providence Housing Auth.*, 2016 WL 7638117, *3 (D. R.I. Oct. 25, 2016):

In addition to the substantive failure of the Complaint, the Court must address the Plaintiff's status as prolific *pro se* litigant, who is not new to this Court. In his previous cases filed in this Court, Plaintiff was Ordered to "cease from using the e-mail address of the Court, any member of the Court or court employee" due to the voluminous emails being sent to the Court. Additionally, he was Ordered to refrain from filing any motions in his other case, "in view of [his] penchant for filing numerous frivolous motions." These are unusual but relatively minor sanctions.

The District of Nevada has taken the additional step of declaring Plaintiff a "vexatious filer." That Court noted that Plaintiff and his ex-girlfriend had filed numerous lawsuits throughout the country and in Nevada and that by their own admission had declared that they were "looking for a liberal court to lend a sympathetic ear with regard to [their] plight and financial woes caused by a long history of bad luck and a series of unfortunate events." That sentiment is particularly apt, because a search of the national PACER system indicates that the issues presented in the present case also appear to be raised in four other Federal District Courts and that each case was filed within a two-week time period. Those other cases are C.A. No. 16–2022 in the Middle District of Pennsylvania, C.A. No. 16–655 in the District of Arizona, C.A. No. 16–599 in the Middle District of Florida, and C.A. No. 16–1854 in the District of Oregon. Therefore, it is reasonable to conclude that Plaintiff continues to seek the ear of a sympathetic court and is once again raising identical issues throughout the country.

The Complaint filed in this court appears to be another attempt by plaintiff to forum shop. He states in his Complaint that "plaintiff is filing this cause of action in the U.S. District Courts of Connecticut because the Russell Trust Association or "The Order of Skull and Bones" has a charter at Yale University."  ECF 1 at 2.  This court declines the invitation to entertain this attempt by plaintiff to litigate what he undoubtedly knows is a frivolous claim.

A separate Order follows.


December 8, 2022                                    _____/s/_____
Date                                                Ellen L. Hollander
                                                    United States District Judge